UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MD R. ALAM,

          Plaintiff,         Civil Action No.: 19-13338
                                       Honorable Judith E. Levy
v.                                Magistrate Judge Elizabeth A. Stafford

KELIN D. PROKURAT, *et al.*,

          Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTION TO DISMISS [ECF NO. 10],
BUT TO *SUA SPONTE* DISMISS IN PART PLAINTIFF'S COMPLAINT
AND DISMISS DEFENDANT MIKE PROKURAT**

**I.    Introduction**

Plaintiff MD R. Alam, proceeding *pro se* and *in forma pauperis*, sues Defendants Kelin D. Prokurat and Mike Prokurat for claims arising from a lease agreement. [ECF No. 1]. Alam claims that the home he leased from defendants was not licensed by the city nor inspected by the health department; that the condition of the home caused he and his family members to suffer various illnesses; and that defendants engaged in fraudulent acts and misconduct. [*Id.*, PageID.5]. He also alleges that defendants failed to provide the EPA approved lead-based paint disclosure

1

pamphlet required by federal law.  [*Id.*].  The Honorable Judith E. Levy referred this case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  [ECF No. 8].

Defendants move to dismiss Alam's complaint, asserting that Alam failed to properly effectuate service of process, that Mike Prokurat is an improper defendant and that Alam failed to state a claim upon which relief can be granted.  [ECF No. 10].  The Court finds that defendants have waived their arguments, but that acting *sua sponte*, Mike Prokurat should be dismissed as a defendant and all but one claim against Kelin Prokurat should be dismissed.

## II.   Analysis

### A.

In their motion, defendants make some factual allegations; assert that Michael Prokurat is an improper party to this action; and assert that Alam's service of process did not comply with the Federal Rules of Civil Procedure.  [ECF No. 10, PageID.25].  But defendants cite no specific rule of civil procedure, and their entire argument section consists of one sentence: "Defendants rely on the Federal Rules of Civil Procedure."  [*Id.*].

Courts in this circuit routinely treat as waived issues "'adverted to in a perfunctory manner, unaccompanied by some effort at developed

argumentation[.]'" *ECIMOS, LLC v. Nortek Global HVAC, LLC*, 736 F. App'x 577, 583-84 (6th Cir. 2018) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997). "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson*, 125 F.3d at 995-96 (citation and internal quotation marks omitted). Thus, the Court finds that defendants' arguments for dismissal are waived. *ECIMOS, LLC*, 736 F. App'x at 583-84.

## B.

A plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 "when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). A claim is not colorable if it is "wholly insubstantial and frivolous." *Id.*, at 513, n. 10 (internal citation and quotation marks omitted). In addition, under 28 U.S.C. § 1915(e)(2)(B), a court must *sua sponte* dismiss an *in forma pauperis* complaint that is frivolous or fails to state a claim. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it lacks "sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted).

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Even so, complaints filed by *pro se* litigants still must plead a plausible claim for relief. *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012). The Court is not required to "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

Alam's complaint alleges that this Court has federal question jurisdiction, and that the basis of jurisdiction is "370, 443, 290, 190." [ECF No. 1, PageID.3-4]. The Court cannot figure out the federal laws to which Alam refers. Most of Alam's claims appear to be landlord-tenant issues that do not arise from a federal law. *See MLS Holdings, Inc. v. Jones*, No. 3:13CV-68-H, 2013 WL 1788480, at *2 (W.D. Ky. Apr. 26, 2013) (collecting cases); *Hart v. Bee Prop. Mgmt., Inc.*, No. CV 18-11851, 2019 WL 1246254, at *2 (E.D. Mich. Feb. 12, 2019), *adopted*, No. 18-CV-11851, 2019 WL 1242372 (E.D. Mich. Mar. 18, 2019) ("Landlord-tenant and eviction disputes are typically state law claims."); *Clark v. Vill. Green of Waterford*, No. 07-11153, 2007 WL 2214573, at *2 (E.D. Mich. July 26,

2007) ("These claims are based on state landlord-tenant law over which this court does not have subject matter jurisdiction.").

Alam also fails to state a plausible claim against Mike Prokurat. Alam lists as defendants Kelin Prokurat, a physician, and Mike Prokurat. [ECF No. 1, PageID.2]. But Alam's factual allegations refer to a single defendant who is a doctor, which points to Kelin Prokurat. [ECF No. 1, PageID.5-7]. And for deciding whether a plaintiff has stated a plausible claim, the Court may consider documents that are referred to in the complaint. *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). The lease to which Alam refers in his complaint shows that the only lessee is Kelin Prokurat. [ECF No. 10, PageID.28-32]. For these reasons, Alam's complaint lacks an arguable basis in fact for liability against Mike Prokurat, and the Court should *sua sponte* dismiss Mike Prokurat from this case. *Neitzke*, 490 U.S. at 325.

But Alam's claim that Kelin Prokurat failed to provide an EPA approved lead-based paint disclosure pamphlet does state a plausible claim under federal law. 42 U.S.C. § 4852d(b)(3); *Roberts v. Hamer*, 655 F.3d 578, 583 (6th Cir. 2011) (explaining that § 4852d(b)(3) allows private right of action by purchaser or lessee if seller or lessor fails to disclose lead-based hazard in subject premises).

5

### III.     Conclusion

The Court **RECOMMENDS** that defendants' motion to dismiss **[ECF No. 10]** be **DENIED**; but that the claims against Mike Prokurat and all but the § 4852d(b)(3) claim against Kelin Prokurat be **DISMISSED** *SUA SPONTE*.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 24, 2020

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of

6

objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 24, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
