UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MD RABBI ALAM,

    Plaintiff,

v.

KELIN D. PROKURAT,

    Defendant.

Case No. 5:19-cv-13338
District Judge Judith E. Levy
Magistrate Judge Kimberly G. Altman

_____/

### REPORT AND RECOMMENDATION ON CROSS MOTIONS FOR SUMMARY JUDGMENT[1]

I.     Introduction

This is a case for damages arising from a lease agreement. As will be explained, the only claim remaining is plaintiff MD Alam's (Alam) claim against defendant Kelin D. Prokurat (Prokurat) under the Residential Lead-Based Paint Hazard Reduction Act, 42 U.S.C. § 4851 *et seq*. Under 28 U.S.C. § 636(b)(1)(B), Alam's and Prokurat's cross motions for summary judgment were referred to the undersigned for a report and recommendation. (ECF No. 28). For the reasons that follow, the undersigned recommends that Alam's motion be DENIED and

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

Prokurat's motion be GRANTED. Additionally, the undersigned recommends that Prokurat's request for sanctions and attorney fees be DENIED.

## II. Background and Procedural History

On November 12, 2019, Alam, proceeding *pro se* and *in forma pauperis*, sued Prokurat and her husband, Mike Prokurat, asserting claims arising from a lease agreement for a home in Birmingham, Michigan.[2] *See* ECF No. 1. Alam alleged that the home he leased from them was not licensed by the city nor inspected by the health department, that the condition of the home caused him and his family members to suffer various illnesses, and that the Prokurats engaged in fraudulent acts and misconduct. (*Id.*, PageID.5). He also alleged that the Prokurats failed to provide the Environmental Protection Agency (EPA) approved lead-based paint disclosure pamphlet required by federal law. (*Id.*).

On February 20, 2020, the Prokurats filed a motion to dismiss the complaint. (ECF No. 10). A magistrate judge issued a report and recommendation recommending that all of Alam's claims be dismissed except for his claim against

---

[2] According to Prokurat's summary judgment papers, the lease agreement was signed in April of 2019. Alam and his family then moved into the home. In December 2019, Alam ceased paying rent and Prokurat filed an eviction action in state court. Alam then filed the instant action. *See* ECF No. 27, PageID.131-132. Alam attached as an exhibit to his papers Prokurat's motion for summary disposition in the eviction action dated January 3, 2020. *See* ECF No. 25, PageID.117-121. However, Prokurat says that the eviction action has been settled. *See* ECF No. 27, PageID.137.

Prokurat that alleged she failed to provide an EPA approved lead-based paint disclosure pamphlet as required under 42 U.S.C. § 4852d(b)(3). (ECF No. 16, PageID.90). On September 23, 2020, the Court adopted the report and recommendation. (ECF No. 19).

Subsequently, this case was reassigned to the undersigned and all pretrial matters were referred. (ECF No. 20). On October 29, 2020, the undersigned entered a scheduling order which stated that discovery responses were due by January 29, 2021, and dispositive motions were due by March 1, 2021. (ECF No. 21). Neither party filed a dispositive motion. The undersigned therefore entered a certification of completion of pretrial proceedings on March 15, 2021. (ECF No. 22). At an April 8, 2021 video conference, the Court informed the parties that they could file cross motions for summary judgment by May 13, 2021. The parties did so (ECF Nos. 25, 27), and, as noted above, the motions were referred for a report and recommendation (ECF No. 28).

### III.   Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views

the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Alam is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.' " *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)

(quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

## IV. Analysis

### A. The Parties' Arguments

In his motion for summary judgment, Alam argues that Prokurat failed to provide him with lead-based paint disclosures before leasing him a house. (ECF No. 25, PageID.101-102, 107). He requests that the question of damages be left for a jury. (*Id*., PageID.102-103). He further contends that the "Lead Based Paint Disclosure Form" relied on by Prokurat was not signed by him and that his signature was forged. (*Id*., PageID.110-111). Notably, Alam raises a number of issues related to the home and his lease, such as the date on which his rent was due, the presence of mold, and the appearance of a crack in the kitchen. (*Id*., PageID.104-105). None of these matters are relevant to the claim before the Court and, therefore, will not be discussed.

Prokurat responds to Alam's arguments in both a response (ECF No. 26) and a motion for summary judgment (ECF No. 27). She argues that Alam has failed to establish that lead-based paint existed in the rented house or that he was harmed by the alleged presence of lead-based paint. (*Id*., PageID.134-135). She further says that she did not meet Alam before renting the house to him and that she believed the electronic signature on the disclosure form to be his. (*Id*., PageID.134-135).

5

Additionally, she asks this Court to impose sanctions and award attorney fees. (*Id.*, PageID.136-137).

Alam replies to Prokurat's motion in a paper titled "Plaintiff's Memorandum and Statement of Record. Fraud & Forged Documents Submitted by Defendant and Her Lawyer on 5-11-2021." (ECF No. 29). In this filing, Alam asserts that the disclosure form submitted by Prokurat with her motion for summary judgment was forged. (*Id.*, PageID.155-156).

B. Lead-Based Paint Disclosure Claim

The sole claim in this case is Alam's assertion that that Prokurat failed to provide the requisite lead-based paint disclosures under 42 U.S.C. § 4852d(b)(3). "The Residential Lead-Based Paint Hazard Reduction Act is a disclosure statute requiring a seller or lessor of residential target housing (1) to provide the purchaser or lessee with a lead hazard information pamphlet (as described in 15 U.S.C. § 2686); (2) to disclose the known or possible presence of lead-based paint or other lead hazards; (3) to provide information about lead hazards; and (4) to allow the purchaser or lessee a ten-day risk assessment period." *Cudjoe ex rel. Cudjoe v. Dep't of Veterans Aff.*, 426 F.3d 241, 245 (3rd Cir. 2005). "Target housing" is defined as any housing constructed before 1978. 40 C.F.R. § 745.103. A lessor who knowingly violates these requirements may be liable to the lessee in a civil

action for "3 times the amount of damages incurred by such individual." 42 U.S.C. § 4852d(b)(3).

To state a claim under 42 U.S.C. § 4852d(b)(3), a plaintiff must establish that (1) he was a lessee; (2) defendant was a lessor who failed to make the requisite disclosures; (3) the leased house was target housing; and (4) the lease was signed after the regulations became effective (1996). *Kaye v. Acme Investments, Inc.*, No. 08–CV–12570, 2008 WL 5188712, at *3 (E.D. Mich. Dec. 8, 2008). After a plaintiff has established these elements, he "must show actual, non-speculative damages" stemming from the lead exposure in order to recover damages. *Id*. "The plaintiff must also prove that the defendant's misconduct is the proximate cause of any claimed injuries." *N'Jai v. Bentz*, No. 13-1212, 2016 WL 7404550, at *7 (W.D. Penn. Dec. 22, 2016).

Prokurat contends that she did, in fact, make the requisite disclosures as evidenced by the signed lead-based paint landlord's disclosure form which indicates that she is not aware of any lead paint or lead hazards in the home. (ECF No. 27, PageID.140-141). The form does bear a signature for Alam, which may or may not be electronic, and the signature appears on a line where a date should be.

Prokurat also furnishes an affidavit in which she states in relevant part:

> 3. I live in the home now and lived in the home before it was leased to Mr. Alam.
> 4. In early 2018 I decided to lease my home. I employed a real estate company to handle the leasing and find a tenant. I signed

7

> numerous documents my realtor provided one of which was the "Lead Based Paint Landlord's Disclosure Form" . . . The forms I signed including the disclosure were downloaded to REALSOM MLS which is the real estate multi listing service. The disclosure was available for Alam and his realtor to review.
> 5. I did not meet Mr. Alam when he leased the property and, in fact, did not meet him until he stopped paying the rent forcing me to take him to court. . . .
> 6. Although I lived in the house and still do, I am not aware of any lead based paint being applied to the walls. Neither I or my family have suffered injuries attributable to lead paint poisoning.
> 7. It was my understanding that Mr. Alam and/or his realtor downloaded all documents from REALCOM MLS including the Lead Based Paint Disclosure From. Mr. Alam's electronic signature appeared on the form which caused me to believe he received a copy.
> 8. Since I completed the required Lead Paint Disclosure Form and provided it to Mr. Alam through my realtors, neither I or my realtors could have knowingly failed to follow the provisions of Section 4852d.

(*Id.*, PageID.143-144).

Alam counters that the signature on the disclosure form was forged by either Prokurat or her attorneys. At this stage in the proceedings, Alam must offer admissible evidence sufficient to create a genuine issue of material fact as to whether his signature was forged. He has not done so. At best, Alam has attached what appears to be a copy of a text message from October 28 (year unknown) between Chad Speller (Speller), apparently a realtor, and presumably Alam. The message reads:

> There was no Lead Based Paint disclosure in the paperwork they had you sign!! The listing agent generated all the paperwork and there's nothing about Lead Based Paint that I can locate and that's absolutely a requirement.

> Ok thanks
>
> Is that a state or Fed requirement?
>
> I believe a federal requirement.

(ECF No. 25, PageID.126). Admissibility issues aside, this message does not create a genuine issue of material fact as to whether Alam received the disclosure form, particularly where the record contains such a form.

Moreover, Alam also attached what appears to be an email from Prokurat's counsel in this action to Alam which reads in relevant part:

> Mr. Alam,
> I have been advised the copy of the Lead Paint Disclosure with your signature on it was received from her realtor. Its [sic] possible your signature was electronically affixed to the form which would explain the slight discrepancy. In any event it is clear the form was provided by my client. . . .

(*Id.*, PageID.127). This email actually suggests that Alam received the disclosure from Prokurat.

In his "reply," Alam attaches what appears to be another text message from Speller which suggests that disclosure form was not properly filled out and "either a poor fake or incompetently filled out!!" (ECF No. 29, PageID.163).

Even, assuming *arguendo* that Alam's signature was forged or that he otherwise did not receive the requisite disclosures, which the record does not support, he "nevertheless failed to adduce sufficient evidence to survive summary

9

judgment with respect to causation and damages." *N'Jai*, at *7. Alam has not produced any evidence suggesting there was lead-based paint present in the leased house let alone any evidence that his health suffered from lead-based paint exposure. In fact, the record suggests that the reason Alam was forced to move from the home was because of an eviction action, not because any non-adherence to the disclosure requirements. At this stage in the proceedings, Alam cannot rely on bare assertions to support his claim. Rather, he must produce evidence sufficient to create a genuine issue of material fact as to whether the leased house did in fact contain lead paint and that he was harmed as a result. The record contains no such evidence. To the contrary, the record contains Prokurat's affidavit in which she states she is not aware of any lead-based hazards in the home, that she currently lives in the home, and neither she nor her family have suffered any health problems related to lead in the home.

Further, to the extent that Alam argues nominal damages are available, this argument fails. The clear language of § 4852d (b)(5)(3) itself refers to "damages incurred," indicating that there must be actual damages, not hypothetical, speculative, or even nominal damages. *See Sipes ex rel. Slaughter v. Russell*, 89 F.Supp.2d 1199, 1202 (D. Kan. 2000) ("The plain language of the statute and the regulation provide a private cause of action for *compensatory damages*, court costs, attorney fees and witness fees." (Emphasis added)); *McCready v. Main*

*Street Trust, Inc.*, No. 07–CV–2096, 2008 WL 3200651, at *3 (C.D. Ill. 2008) ("Given the language of the statue [RLPHRA], focusing on the costs incurred by a plaintiff, this court has no reason to believe that the statute even contemplates the awarding of nominal damages when no costs have been incurred by Plaintiffs as a result of the alleged violation of the statute. Thus, this court concludes that nominal damages are not available to Plaintiffs as a remedy.").

Overall, Prokurat has met her burden to show that summary judgment on Alam's lead-based paint claim is appropriate. Alam has not met his burden to show otherwise. As such, Prokurat's motion for summary judgment should be granted and Alam's motion for summary judgment should be denied.

### C. Sanctions and Attorney Fees

Prokurat also requests sanctions and attorney fees. The sanctions request was made within her cross motion for summary judgment. This is improper. Rule 11(c)(2) of the Federal Rules of Civil Procedure provides: "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Thus, Prokurat's request for sanctions should be denied.

To the extent that Prokurat's request for attorney fees is separate from her request from sanctions, it should also be denied. "It has long been the general rule in the United States that a prevailing party may not ordinarily recover attorneys

11

fees in the absence of a statute or enforceable contract providing for a fee award." *Shimman v. Int'l Union of Operating Engineers, Local 18*, 744 F.2d 1226, 1229 (6th Cir. 1984). Prokurat has not pointed to a statute that would permit her to recover attorney fees. Further, her request for attorney fees does not comply with E.D. Mich. LR 54.1.2(b), which provides:

> A motion for an award of attorneys' fees shall be supported by a memorandum brief as to the authority of the Court to make such an award, and as to why the movant should be considered the "prevailing party," if such is required for the award. The motion shall also be supported by an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the Court should consider in making the award. Within 14 days after filing of the motion, the party or parties against whom the award is requested shall respond with any objections thereto and accompanying memorandum setting forth why the award is excessive, unwarranted, or unjust.

As such, Prokurat's request for attorney fees should also be denied.

## V. Conclusion

For the reasons set forth above, it is RECOMMENDED that Alam's motion for summary judgment be DENIED and Prokurat's motion for summary judgment be GRANTED. Additionally, it is RECOMMENDED that Prokurat's request for sanctions and attorney fees be DENIED.

Dated: August 5, 2021                                  s/Kimberly G. Altman
Detroit, Michigan                                            KIMBERLY G. ALTMAN
                                                                         United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2021.

                                        s/Marie E. Verlinde
                                        MARIE E. VERLINDE
                                        Case Manager